**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARREN NAGLE** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 24-2028** |
| | : | |
| **DIRECTOR UR M. JADDOU, U.S.** | : | |
| **CITIZENSHIP AND IMMIGRATION** | : | |
| **SERVICES, DIRECTOR DAVID** | : | |
| **ROARK** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                              **September 30, 2024**

      Irish citizen Darren Nagle petitioned to become a United States citizen over four years ago. The United States asked for more information in February 2021. Mr. Nagle did not provide the information claiming failures of protocol at his lawyer's office. He now claims the United States had enough information to decide without responding to the request for more information. The United States denied his petitions as abandoned in July 2021. Mr. Nagle sued in May 2024 challenging this 2021 denial seeking a declaratory judgment the United States acted in an arbitrary and capricious manner. The United States asked again for more information. Mr. Nagle provided this information five weeks ago. The matter remains under review. But Mr. Nagle persists. The United States now moves to dismiss Mr. Nagle's amended Complaint. We cannot generally jump into reviewing immigration petitions until a final agency action. We dismiss the case as Mr. Nagle does not, and today cannot, plead a final agency action subject to judicial review and otherwise satisfy our limited subject matter jurisdiction. Mr. Nagle may return with a new case after final agency action.

## I.   Alleged Facts

Irish citizen Darren Nagle is a championship jockey and steeplechase specialist. He applied for an employment-based EB-1 visa as an immigrant "with extraordinary ability" from the United States Citizenship and Immigration Services on September 8, 2020.[1] Mr. Nagle submitted Form I-140 and Form I-485 applications to become a citizen.[2]

The Service requested additional evidence from Mr. Nagle on February 3, 2021 to support his EB-1 application.[3] Mr. Nagle did not submit the additional evidence requested by the Service, attributing his failure to do so on COVID-19 and "the failure of general office protocols within [his counsel's] law firm."[4]

The Service denied Mr. Nagle's petition on July 16, 2021 "due to abandonment" for failing to respond to the request for evidence after giving Mr. Nagle eighty-seven days and an additional sixty-days to respond.[5] The Service did not preclude the filing of a new petition and instead advised "[d]enial due to abandonment shall not itself affect the new proceeding, but the facts and circumstances surrounding the prior benefit request shall otherwise be material to the new benefit request."[6] The Service also denied Mr. Nagle's Form I-485 Application because of the denial of his visa.[7]

Nearly four years passed before Mr. Nagle filed this case on May 12, 2024 against the Service, its Director Ur Jaddou, and David Roark, Director of the Service's Texas Service Center.[8] Mr. Nagle admits not providing the Service with the requested information. But he alleges his application "was approvable" based on his belief the 390-pages of documents he submitted with his September 8, 2020 petition should have been sufficient for the Service to approve his application.[9]

Mr. Nagle seeks declaratory relief (1) declaring the July 16, 2021 denial of his Form I-140 petition arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A); (2) a judgment vacating the July 16, 2021 denial and remanding to the Service his petition with instructions to approve his Form I-140 petition and "formally find" the evidence he submitted in 2021 "demonstrates [his] extraordinary ability"; (3) a judgment vacating the denial of his Form I-485 Application and remanding it to the Service with instructions to reopen and approve his Form I-485 Application under the approval of his Form I-140 petition; and (4) award him costs.[10]

The Service reopened Mr. Nagle's original visa application on July 22, 2024 to provide him an opportunity to explain why he did not respond to the February 3, 2021 request for evidence.[11] The Service also issued a "Notice of Intent to Deny" Mr. Nagle's petition on July 22, 2024, giving him thirty days to submit additional information, evidence or arguments to explain why he did not respond to the February 3, 2021 request for evidence and why the matter should not be denied for abandonment.[12] The Notice cautioned Mr. Nagle "[t]his is not an opportunity … to submit additional evidence that was requested in the [February 3, 2021 request for evidence], but rather an opportunity … to provide an explanation of why he did not respond and why this case should not be denied for abandonment."[13]

## II.    Analysis

The Service moves to dismiss Mr. Nagle's amended Complaint for lack of subject matter jurisdiction for two reasons: (1) there is no final agency action subject to judicial review; and (2) the relief sought by Mr. Nagle under the Declaratory Judgment Act does not provide an independent basis for our jurisdiction. Mr. Nagle opposes dismissal.

Before analyzing our subject matter jurisdiction, we briefly explain the context of Mr. Nagle's challenge to the Service's action as arbitrary and capricious under the Administrative Procedure Act. Congress, through the Act, provides for judicial review of "final agency action."[14] Two conditions must be satisfied for an agency's action to be "final": (1) "the action must mark the 'consummation' of the agency's decisionmaking process …—it must not be of a merely tentative or interlocutory nature"; and (2) "the action must be one which 'rights or obligations have been determined,' or from which 'legal consequences will flow'…."[15] Our Court of Appeals instructs us to apply five factors to determine whether an agency's action is final: "1) whether the decision represents the agency's definitive position on the question; 2) whether the decision has the status of law with the expectation of immediate compliance; 3) whether the decision has immediate impact on the day-to-day operations of the party seeking review; 4) whether the decision involves a pure question of law that does not require further factual development; and 5) whether immediate judicial review would speed enforcement of the relevant act."[16]

The United States Citizenship and Immigration Services, a component of the Department of Homeland Security, is the government agency responsible for lawful immigration.[17] The Immigration and Nationality Act authorizes the allocation of immigrant visas, including employment-based visas.[18] One employment-based visa allocation—known as the EB-1 visa—is for "aliens with extraordinary ability."[19] To receive such a visa, a petitioner must file a Form I-140.[20] The Immigration and Nationality Act's regulations detail the evidence required to support petitions for employment-based visas.[21] The applicable regulations outline the evidence required for processing immigration benefit requests.[22] If eligibility requirements are met, the Service will approve the visa.

4

The Service may request more information or evidence from an applicant or petitioner to be submitted within a specified time period.[23] The Service may summarily deny the benefit request as "abandoned" if a petitioner or applicant fails to respond to a request for evidence or to a notice of intent to deny by the required date.[24] A denial due to abandonment may not be appealed, but an applicant may move to reopen his case with the Service.[25] The Service may also reopen a Service proceeding on his or her own motion.[26]

There is no dispute on the timeline of Mr. Nagle's application for a visa and Form I-140 petition:

- **September 8, 2020**: Mr. Nagle sought an EB-1 visa, filed a Form I-140 petition, and a Form I -485 application to register permanent residence or adjust status;

- **February 3, 2021**: The Service requested additional evidence to support Mr. Nagle's application and petition. Mr. Nagle admittedly did not respond to the Service's request, attributing the failure to COVID-19 and "the failure of general office protocols within the law firm";

- **July 16, 2021**: The Service denied Mr. Nagle's petition as abandoned having received no response from Mr. Nagle to the February 3, 2021 request for evidence;

- **May 13, 2024**: Mr. Nagle sued the Service, Director Jaddou, and Director Roark;

- **July 22, 2024**: The Service notified Mr. Nagle it withdrew its July 16, 2021 decision and reopened his original visa application and issued a Notice of Intent to Deny giving him thirty days to explain why he did not respond to the February 3, 2021 request for additional evidence;

- **August 22, 2024**: Mr. Nagle instead filed an amended Complaint;

- **August 23, 2024**: Mr. Nagle responded to the Service's July 22, 2024 request which remains pending.

The threshold issue is whether there is "final agency action" subject to judicial review. The Service argues there is no final agency action subject to judicial review because it withdrew its July 16, 2021 decision and then reopened it on July 22, 2024 which remains pending. Mr. Nagle

argues the July 22, 2024 reopening by the Service is "in name only" in an effort to avoid judicial review.

We agree with the Service. There is not yet a final agency action subject to judicial review under the Administrative Procedure Act and we will grant the Service's motion.

### A.  There is no final agency action subject to judicial review.

The Service makes a "facial" attack on our jurisdiction. A "facial" attack considers a claim on its face and asserts it is insufficient to invoke the court's subject matter jurisdiction.[27] We consider only the allegations of the complaint and documents referenced in the complaint in the light most favorable to Mr. Nagle.[28] The burden of establishing subject matter jurisdiction rests on Mr. Nagle as the party asserting jurisdiction.[29]

The Service argues it withdrew its July 21, 2021 decision denying Mr. Nagle's petition and reopened his application to allow Mr. Nagle the opportunity to provide an explanation as to why he failed to respond to the 2021 request for evidence which remains administratively pending. The Service argues there is no "consummation" of its decision making process under the first prong of *Ocean County Landfill*'s finality test and its July 2021 denial cannot affect Mr. Nagle because the Service withdrew it, no obligation has been imposed on him, and no right has been denied him to meet the second prong of the *Ocean County Landfill* finality test.

Mr. Nagle responds the Service's July 16, 2021 decision must be considered final agency action because the Service's July 2024 reopening is "in name only" designed to prematurely end or delay federal litigation and avoid our jurisdiction.[30] Mr. Nagle argues the Service "should have fully adjudicated" his petition "regardless of his failure to reply to the [request for evidence]," improperly denied his original petition "without reasoning or recognition of the evidence in the record," and now attempts "to shift the burden to [him] by imposing an *ultra vires* requirement

that [he] provide additional evidence relating to the irrelevant question of whether he abandoned his Petition."[31]

1. **The Service's reopening of Mr. Nagle's case does not meet the limited "in name only" circumstances.**

Courts may find the Service's reopening of a case to be "in name only" in limited circumstances. Those circumstances are not presented today.

Both parties rely heavily on guidance from the United States District Court for the District of Columbia in *RELX, Inc. v. Baran*.[32] In *RELX, Inc.*, an employer and its employee sued the Service and other governmental officials under the Administrative Procedure Act. The employer petitioned of behalf of its employee as a foreign, nonimmigrant worker in a specialty occupation. The Service responded to the petition with a request for evidence related to whether the employee's position is a "specialty occupation." The employer responded but the Service denied the petition, concluding the employer had not shown the position to be a specialty occupation. The employer and employee sued the Service ten months later.

The Service reopened the petition but did not give the employer and employee notice of reopening or provide a reason for the reopening. The Service moved to dismiss arguing there is no final agency action subject to judicial review because the Service reopened the petition. The employee and employee opposed dismissal arguing the Service reopened the petition "in name only" making its initial decision final subject to judicial review.

Judge Sullivan agreed with the employer and employee. He explained an agency's decision to reopen a case generally renders a final agency action nonfinal.[33] But when there is evidence the agency "reopened the case not to reconsider new evidence but rather to delay a decision … or when there is no indication as to what new information the agency can review, courts have held that reopening a case does not render a final agency action nonfinal."[34] Judge Sullivan identified

several factors to determine whether the agency reopened a matter "in name only": whether the agency sought additional information; whether the agency identified issues with the original decision or areas for further evidentiary development; and whether the agency requested any additional evidence.[35]

Judge Sullivan concluded the employer and employee sufficiently demonstrated the Service's attempt to reopen the petition did not render its original decision nonfinal based on three facts "unique" to the case: (1) the Service failed to follow the regulation providing it with authority to reopen the petition when it did not serve the employer and employee with notice of reopening and a thirty-day period to provide a response; (2) the Service failed to provide any reason why it reopened the petition other than in response to the lawsuit; and (3) the Service's request for additional evidence is "nearly identical to" its earlier request and failed to seek new evidence.[36] Emphasizing the third factor, Judge Sullivan reasoned the information requested by the Service in the reopened matter, although "not mirror images," is the same and which the employer and employee already provided in response to the Service's earlier request for evidence.[37] He also reasoned "it is unclear what purpose, if any, is served by requesting and reviewing the exact same information, and expecting such review to lead to a different result."[38]

Mr. Nagle relies on two additional cases: *Matena v. Hazuda*[39] and *72andsunny Partners LLC v. Mayorkas*.[40] In *Matena*, Judge Pauley concluded the Service's reopening of an application to adjust status did not identify issues with the original decision and areas warranting further evidentiary development, did not request more evidence, or explain how it would further investigate, and counsel for the Service conceded at oral argument it did not intend to do further work on the application because the Service considered further work while an appeal pended is a waste or resources and conceded the Service only reopened the application is because of an

8

appeal.[41] Judge Pauley concluded the Service's reopening of the application is "in name only," determined the agency action final, and denied the Service's motion to dismiss but stayed the action pending resolution of the reopened application.[42]

In *72andsunny Partners*, Judge Snyder relied on *RELX* and *Mantena* to conclude the Service's reopening of a petition and notice of intent to deny is "in name only" because the Service did not explain why it reopened the plaintiff's petition for employment-based immigration status.[43] Judge Snyder denied the Service's motion to dismiss but ordered the Service to complete the reopened review of the plaintiff's petition and stayed the action pending review.[44]

We face much different facts than those presented in *RELX*, *Matena*, and *72andsunny Partners*. First, the Service did not fail to follow its own regulations in reopening Mr. Nagle's visa petition. It notified Mr. Nagle on July 22, 2024 it reopened the Form I-140 petition and withdrew its July 16, 2021 decision and provided Mr. Nagle thirty days to submit additional information, evidence or argument to explain why he failed to respond to the Service's original request for information. The regulations allow the Service to summarily deny as abandoned a petition or application for failing to respond to a request for information.[45] Mr. Nagle concedes he failed to respond to the Service's original request for information. The Service followed its regulations to ask for additional information regarding abandonment. Second, the Service explained it reopened Mr. Nagle's case for an explanation of his abandonment. Third, the Service did not request the same information as in its original request; to the contrary, it requested an explanation from Mr. Nagle regarding his abandoned original petition. The facts here are unlike the determinative factors applied by Judge Sullivan in *RELX*.

The facts here are more like those reviewed by Chief Judge Rossiter earlier this year in *Balakirev v. Jaddou*.[46] In *Balakirev*, a Russian national and his wife sought a Form I-140 petition

for alien workers based on Mr. Balakirev's employment-based visa as a worker with extraordinary ability in the sciences. The Service issued a request for evidence notifying Mr. Balakirev it believed he met only two regulatory criteria for qualification as an "extraordinary ability" worker visa. Mr. Balakirev did not believe the Service considered his record in good faith but responded to the request for evidence with additional information to support his petition. The Service denied Mr. Balakirev's petition because it considered his evidence insufficient to demonstrate the required criteria. Mr. Balakirev disputed the Service's decision believing it failed to consider all the record evidence. Mr. Balakirev and his wife sued Director Jaddou alleging the Service's decision is arbitrary and capricious in violation of the Administrative Procedure Act.

The Service then unilaterally reopened Mr. Balakirev's petition and notified Mr. Balakirev he needed to provide additional information to support a new decision, giving Mr. Balakirev time to respond. After two requests for additional information to which Mr. Balakirev responded, the Service concluded he failed to support his petition with sufficient evidence to meet the regulatory criteria.

Chief Judge Rossiter granted Director Jaddou's motion to dismiss, rejecting the Balakirevs' argument the Service's reopening of Mr. Balakirev's petition to be "in name only" to intentionally delay litigation.[47] Chief Judge Rossister concluded Balakirevs' facts are unlike the limited "in name only" circumstance recognized in *RELX* because the Service "largely complied" with its regulations in reopening Mr. Balakirev's visa, the Service issued the requisite notices, and provided Mr. Balakirev an appropriate amount of time to respond with additional evidence. Chief Judge Rossiter also concluded the Service made clear its request for additional evidence in its reopening, would consider additional evidence, and concluded its notice of intent to deny "reasonably reflects the agency's attempt to communicate areas in which it believed [Mr.]

10

Balakirev's evidence not only needed refinement but also contradicted other information in its possession" giving Mr. Balakirev a "genuine opportunity to elaborate upon his original evidence and further support his petition for a … visa."[48]

We face similar issues. The Service notified Mr. Nagle it reopened his Form I-140 to give him the opportunity to provide an explanation why he failed to respond to the request for evidence in his original petition and why his case should not be denied for abandonment. The regulations allow the Service to summarily deny Mr. Nagle's petition for failing to respond to a request for evidence. Mr. Nagle does not dispute he failed to respond to the request for evidence. The Service reopened his case to give him an opportunity to explain why he did not respond and why his case should not be denied for abandonment. Mr. Nagle responded to the Service's July 2024 request which remains pending with the Service.

We conclude there is neither a "consummation" of the Service's decision making authority while its July 2024 reopened case is pending nor an action determining Mr. Nagle's rights or "from which legal consequences will flow" under the finality test articulated in *Ocean County Landfill*.

### 2.  The Service did not act *ultra vires*.

Mr. Nagle also argues the Service's reopening of his case to provide him with an opportunity to explain why he did not respond to the February 2021 request for evidence and why his case should not be denied as abandoned is *ultra vires*. He argues there are no regulations allowing the Service to ask for an explanation as to why he did not respond to the February 2021 request for evidence making the reopening of his case an *ultra vires* action by the Service.

Mr. Nagle advances the unsupported argument the Service must adjudicate his petition based on the substantive record "regardless of whether he abandoned it."[49] He then puts the rabbit in the hat by arguing the Service's reopening of his petition to address the reasons for his admitted

failure to respond to the February 2021 request for evidence is an attempt to shift to him the burden for its failure to "assess the substantive evidence." But the applicable regulations allow the Service to request additional evidence when it determines submitted evidence does not establish eligibility.[50] The Service may deny the benefit request for ineligibility; request more information or evidence from the applicant or petitioner to be submitted within a specific time period; or notify the applicant or petition of its intent to deny the benefit request and the basis for the proposed denial and require the applicant or petition to submit a response with a specific time period.[51]

There is no dispute Mr. Nagle simply did not respond to the Service's request for additional information which is entirely within its regulatory power. Mr. Nagle believes the information he originally submitted is sufficient to support his petition, but that is not his decision to make. Congress charged the Service—not applicants seeking benefits—with the adjudication of benefit eligibility and the Service is completely within its regulatory authority to seek additional evidence in support of a petition. The regulations provide the failure to submit requested evidence may result in a petition being summarily denied as abandoned or denied based on the record, or both.[52] And the Service denied Mr. Nagle's petition as abandoned on July 16, 2021.

The Service then reopened Mr. Nagle's case and asked him to explain why he failed to respond to the February 2021 request for evidence and why it should not be considered abandoned, all within the Service's regulatory authority.[53] The regulations allow a Service officer to reopen a proceeding or reconsider a decision to make a new decision which, if unfavorable to a party, shall give the party thirty days to respond.[54] The Service did just that on July 22, 2024, asking Mr. Nagle to explain why he did not respond to the February 2021 request for information and why his action should not be abandoned all within the Service's regulatory authority. There is nothing in the

regulations prohibiting the Service from asking for this information. Mr. Nagle responded to the request. The Service is currently assessing his response. We grant the Service's Motion to dismiss.

**B.  There is no basis of independent subject matter jurisdiction under the Declaratory Judgment Act.**

The Service also moves to dismiss the amended Complaint arguing the Declaratory Judgment Act under which Mr. Nagle asserts relief does not provide an independent basis of jurisdiction where the Administrative Procedure Act claims fail. Mr. Nagle responds he asserted a claim under the Declaratory Judgment Act "in tandem with" a successful Administrative Procedure Act claim. We agree with the Service.

The Declaratory Judgment Act does not itself create an independent basis for federal jurisdiction. Congress only provides a remedy where jurisdiction otherwise exists and properly within our subject matter jurisdiction.[55] Mr. Nagle invoked our jurisdiction under the Administrative Procedure Act. We concluded we do not have subject matter jurisdiction at this time because there is no final agency action. There is no jurisdiction under the Declaratory Judgment Act.[56] We grant the Service's motion to dismiss the Declaratory Judgment Act claims.

**III.   Conclusion**

We grant the Service's Motion to dismiss without prejudice to Mr. Nagle filing a complaint on entry of a final agency action.

---

[1] ECF 11, Amended Complaint ¶ 1.

[2] *Id.* ¶¶ 2-3. A petitioner seeking classification as a person of "extraordinary ability" files an Immigrant Petition for Alien Workers on a Form I-140 with evidence demonstrating the beneficiary is eligible for an employment-based, first-preference visa.

---

https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-first-preference-eb-1. A Form I-485 is an application to Register Permanent Residence or Adjust Status. The regulations allow for the concurrent filing of a visa petition and adjustment application. *See* 8 C.F.R. § 245.2(a)(2)(i)(C).

[3] *Id.* ¶ 4. A "Request for Evidence" or "RFE" is a term used by the Service when referring to the process of gathering and assessing evidence for immigration benefit request eligibility. *See* 8 C.F.R. § 103.2.

[4] *Id.*

[5] ECF No. 1-1 at 2–3. Mr. Nagle alleges the Service's July 16, 2021 decision "***did not deny [his] petition based on abandonment***; rather, USCIS held that [he] has not established eligibility for EB-1 classification. Based on the Administrative Record in this matter, Defendant USCIS has failed to provide a basis for their decision, and the conclusory decision failed to outline any evidentiary deficiency or substantive legal conclusion." ECF 11 ¶ 7 (emphasis added). This is a misrepresentation of the record. The July 16, 2021 decision—attached to the original Complaint but curiously omitted from the amended Complaint—plainly refers to a "[d]enial due to abandonment." ECF 1-1 at 2. The Service further explained  Mr. Nagle "submitted insufficient initial evidence with the Form I-140 petition to warrant a favorable decision"; the Service requested additional evidence giving Mr. Nagle additional time to provide the requested information under the Services' "flexibility policy"; the steps Mr. Nagle could have taken during the response time period; his failure to respond; and the denial "due to abandonment." ECF 1-1 at 2. Plaintiff concedes he did not respond to the February 3, 2021 request for additional evidence but now alleges the Service denied his petition on the merits, and not for abandonment. We caution counsel of their duty of candor to the Court.

[6] ECF 1-1 at 3; *see also* 8 C.F.R. § 103.2(b)(15). The applicable regulation provides: "Effect of withdrawal or denial due to abandonment. The USCIS acknowledgement of a withdrawal may not be appealed. A denial due to abandonment may not be appealed, but an applicant or petitioner may file a motion to reopen under § 103.5. Withdrawal or denial due to abandonment does not preclude the filing of a new benefit request with a new fee. However, the priority or processing date of a withdrawn or abandoned benefit request may not be applied to a later application petition. Withdrawal or denial due to abandonment shall not itself affect the new proceeding; but the facts and circumstances surrounding the prior benefit request shall otherwise be material to the new benefit request." 8 C.F.R. § 103.2(b)(15).

[7] ECF 11 ¶ 36.

[8] ECF 1.

[9] ECF 11 ¶¶ 4, 46.

[10] *Id.* Wherefore Clause at 16–17.

[11] *Id.* ¶ 8; ECF 14-1 at 1–4.

14

¹² ECF 11 ¶ 8; ECF 14-2 at 1–2. The Service asserts Mr. Nagle had until August 24, 2024 to submit a response to its July 22, 2024 notices. ECF 12 at 12. Mr. Nagle filed his amended Complaint on August 22, 2024 (ECF 11) and, according to the Service, submitted a response the next day, August 23, 2024, to the Service's July 22, 2024 notice (ECF 12 at 12). The Service contends as of September 5, 2024 (when it moved to dismiss), it had yet to adjudicate a response. *Id.* Mr. Nagle did not dispute his August 23, 2024 response (ECF 15).

¹³ ECF 14-2 at 1.

¹⁴ Congress in section 704 of the Administrative Procedures Act provides: "Agency action made reviewable by statute and ***final agency action*** for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. Except as otherwise expressly required by statute, agency action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application for a declaratory order, for any form of reconsideration, or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority." 5 U.S.C. § 704 (emphasis added).

¹⁵ *Ocean Cnty. Landfill Corp. v. United States E.P.A., Region II*, 631 F.3d 652, 655 (3d Cir. 2011) (quoting *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997)).

¹⁶ *Id.* (quoting *Univ. of Med. & Dentistry of N.J. v. Corrigan*, 347 F.3d 57, 69 (3d Cir. 2003)).

¹⁷ *Patel v. Garland*, 596 U.S. 328, 333 (2022).

¹⁸ 8 U.S.C. § 1153(b).

¹⁹ *Id.* § 1153(b)(1)(A).

²⁰ 8 C.F.R. § 204.5(h)(1). A Form I-140 is an "Immigrant Petition for Alien Workers."

²¹ *Id.* § 204.5(h)(3).

²² 8 C.F.R. § 103.2.

²³ *Id.* § 103.2(b).

²⁴ 8 C.F.R. § 103.2(b)(13)(i).

²⁵ *Id.* § 103.2(b)(15).

²⁶ *Id.* § 103.5(a)(5).

[27] *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack asserts there is no subject matter jurisdiction because of the facts of the case do not support jurisdiction. *Id.*

[28] *Id.*

[29] *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015).

[30] ECF 15 at 6–7.

[31] *Id.* at 6–10.

[32] 397 F. Supp. 3d 41 (D.D.C. 2019).

[33] *Id.* at 50. Judge Sullivan analyzed the final agency action issue under Rule 12(b)(6).

[34] *Id.* at 50–51 (citing *Mantena v. Hazuda*, No. 17-5142, 2018 WL 3745668, at * 6 (S.D.N.Y. Aug. 7, 2018)).

[35] *Id.* at 51 (citing *Mantena*, 2018 WL 3745668 at *6).

[36] *Id.* at 52.

[37] *Id.*

[38] *Id.* at 52–53.

[39] No. 17-5142, 2018 WL 3745668 (S.D.N.Y. Aug. 7, 2018).

[40] No. 22-4465, 2022 WL 19076655 (C.D. Cal. Dec. 6, 2022).

[41] *Mantena*, 2018 WL 3745668 at * 6.

[42] *Id.*

[43] *72andsunny Partners*, 2022 WL 19076655 at *2.

[44] *Id.*

[45] 8 C.F.R. § 103.2(b)(13)(i).

[46] No. 23-3033, 2024 WL 3398391 (D. Neb. July 10, 2024), *reconsideration denied*, 2024 WL 4135842 (Sept. 10, 2024).

[47] *Id.* at *4–5. Chief Judge Rossiter granted Director Jaddou's motion under the Rule 12(b)(6) standard.

[48] *Id.* at *5.

[49] ECF 15 at 17.

[50] 8 C.F.R. § 103.2(b)(8)(iii).

[51] *Id.*

[52] *Id.* § 103.2(b)(13)(i).

[53] *Id.* § 103.5(5).

[54] *Id.*

[55] *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394 (3d Cir. 2016).

[56] *Id. See also Mutasa v. United States Citizenship and Immigrations Servs.*, 531 F. Supp. 3d 888, 893 n.4 (D.N.J. 2021) (granting Service's motion to dismiss for failure to state a claim under Rule 12(b)(6) and noting petitioner's Declaratory Judgment Act claim does not create a cause of action separate from the Administrative Procedure Act claim underlying her claims).